UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HENRY L. PENICK, ) | 2:08-CV-00254-LSC |
| ) | |
| Debtor. ) | |

MEMORANDUM OF OPINION

The Court has for consideration a motion to dismiss appeal, which was filed by the appellee, The Most Worshipful Prince Hall Grand Lodge ("Grand Lodge"), on February 18, 2007.  (Doc. 3.)  The debtor, Henry L. Penick ("Penick"), has also filed a motion for stay of judgment in the Circuit Court of Jefferson County, Alabama, pending a ruling on this appeal. (Doc. 9.) Both motions have been briefed by the parties and are ripe for review.     Grand Lodge has moved to dismiss Penick's appeal from the bankruptcy court's order overruling his objection to their proof of claim.  Citing a subsequent dismissal order entered by the bankruptcy court on September 5, 2007, and the fact that no disbursements to creditors have been made, Grand Lodge argues that the matter on appeal is now moot.

In opposition, Penick argues that if this Court rejects his appeal, Grand

Lodge "could claim the *res judicata* effect of the bankruptcy court's order denying Penick's Objection to Claim, which has the effect of sustaining the amount of [Grand Lodge's] claimed debt amount owed by Penick." (Doc. 7 at 2.) However, Penick cites no law by which Grand Lodge could prevail on a claim of *res judicata* in a subsequent bankruptcy proceeding. In fact, Penick's true concern is revealed in his reply in support of his motion to stay:

> But for the intervention of this court, a new [bankruptcy] case would be assigned to the same Judge, the same claim would be filed by [the Grand Lodge] and the same amount or more attorney's fees will be filed by them. Debtor would file another Objection to Claim, the same Judge would overrule it and debtor would file another appeal to this Court on the same issue.

(Doc. 12 at 2.) It is apparent that Penick wants to avoid another ruling by the "same Judge." After his first Chapter 13 bankruptcy proceeding was dismissed on October 25, 2006, for failure to file schedules, Penick filed the underlying Chapter 13 action in an improper venue on December 19, 2006, to avoid the "same Judge." The case was subsequently transferred to the proper venue (and the "same Judge") on January 16, 2007.

Penick wants this Court to review the bankruptcy court's decision to overrule his objection to the specific amount of money claimed by Grand

Lodge in his dismissed bankruptcy claim.  Pursuant to 11 U.S.C. § 349, upon dismissal of his bankruptcy case, property rights and claims were returned to the *status quo* existing prior to initiation of Penick's action.  Any ruling by this Court on the amount of Penick's debt to Grand Lodge in a dismissed proceeding would be ineffective; a future bankruptcy action would require proof of the amount owed at the time the new action is filed (if a new action is filed).

Because this Court cannot grant effective relief with regard to the order Penick contests, his appeal is indeed moot and Grand Lodge's motion to dismiss is due to be granted.  *See, e.g.*, *In re Seidler*, 44 F.3d 945, 947 (11th Cir. 1995) ("Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief.") (quoting *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992)).  The dismissal of this appeal also renders Penick's motion to stay judgment pending appeal moot.  A separate order will be entered.

Done this <u>14th</u> day of <u>April 2008</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297